UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:15-cr-00013-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JEFFREY DAVID HEMMINGS, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Jeffrey Hemmings's violation of supervised release. Magistrate Judge Matthew A. Stinnett issued a Recommended Disposition pursuant to Mr. Hemmings's violation. [R. 73.] Judge Stinnett recommended revocation and an eight-month period of incarceration followed by a two-year term of supervised release, with the added condition that Mr. Hemmings must reside in a halfway house for the first six months of his supervised release and must participate in a substance use disorder treatment program upon release from the halfway house. *Id.* at 7. Mr. Hemmings preserved his right of allocution and came before the undersigned on January 11, 2021. [R. 75.] At his allocution hearing, Mr. Hemmings requested that he be given programmatic support to help him overcome his drug addiction and stated concerns about being incarcerated during the COVID-19 pandemic. *Id.* For the reasons that follow, Judge Stinnett's Recommendation will be **ADOPTED**.

# I

Judge Stinnett's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. The Court incorporates Judge Stinnett's discussion of the record by reference here, but nevertheless will reiterate a few key facts.

On October 11, 2016, Mr. Hemmings pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g). [R. 48.] This Court sentenced him to forty months imprisonment and three years supervised release. [R. 49.] Mr. Hemmings's term of supervision began on April 15, 2019. [R. 73 at 1.] Included in his terms of supervision was a clause that Mr. Hemmings was not to unlawfully possess a controlled substance, unlawfully use a controlled substance, or commit another state or federal crime. *Id.* On August 30, 2019, USPO reported to the Court that Mr. Hemmings's urine had tested positive for the presence of marijuana, but requested the Court take no action. The Court agreed. *Id.* at 2. On October 1, 2020, Mr. Hemmings was found to be in possession of methamphetamine and a glass pipe, with burnt residue on his person. *Id.* at 2. Mr. Hemmings stipulated to the commission of state and federal crimes, Grade B violations, and to the possession of a controlled substance, a Grade C violation. [R. 73 at 3.] Based on his criminal history and Grade B violation[1], the Guideline range for this violation is 12 to 18 months.

Judge Stinnett held a revocation hearing on December 10, 2020 at which Mr. Hemmings stipulated to the violations in the report. [R. 72.] There, the United States proposed a sentence at the low to mid-range of the guidelines, to include imprisonment and at least several months at a halfway house. [R. 73 at 3.] Mr. Hemmings agreed with the proposed sentence, but asked for

---

[1] "When there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of violation is determined by the violation having the most serious grade." United States Sentencing Commission § 7B1.2(b).

both a longer required stint in a halfway house and for his state court sentence to run concurrently with any term of imprisonment federally imposed. *Id.* at 3-4.

For reasons more thoroughly articulated in the Recommended Disposition, Judge Stinnett ultimately recommended eight (8) months of incarceration, followed by two (2) years of supervised release. *Id.* at 7. Additionally, Judge Stinnett recommended Mr. Hemmings spend the first six (6) months of his supervised release in a halfway house and that he participate in a substance use disorder treatment and/or mental health counseling program upon release from the halfway house. *Id.* In reaching his conclusion, Judge Stinnett noted that "Hemmings is a good candidate for substance use disorder treatment" and that "Hemmings evidences a strong desire to rehabilitate himself." *Id.* at 6. Judge Stinnett found that "both Hemmings and society will benefit more from Hemmings completing a period of community confinement in a halfway house than a longer term of incarceration." *Id.*

## II

Under Federal Rule of Criminal Procedure 59(b), a party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. *See also* 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Hemmings did not file any written objection to the Recommended Disposition, so *de novo* review under 28 U.S.C. § 636(b)(1)(c) has not been triggered, but he did preserve his right of allocution.  At his allocution hearing held on January 11, 2021, Mr. Hemmings explained to the Court that he became "too comfortable" in his sobriety and allowed himself to begin associating with drug users while on supervised release.  [R. 75.]  Mr. Hemmings reiterated that he needs help maintaining his sobriety and wishes to become a productive member of society. *Id.*  Furthermore, Mr. Hemmings expressed his fear of contracting COVID-19 while incarcerated due to medical conditions he has.[2]  *Id.*

The Court agrees with Mr. Hemmings that he needs help overcoming his addiction and maintaining his sobriety.  Although a term of imprisonment is necessary in this case, the Court hopes that, after his term is completed, Mr. Hemmings will take to heart the lessons taught to him in his halfway home, support groups, and drug counseling sessions.  Moreover, while the Court is aware that the COVID-19 pandemic has made Mr. Hemmings's term of imprisonment more daunting, the Court places its trust in the hands of the dedicated employees of Mr. Hemmings's facility to ensure his health and safety are maintained while he is imprisoned.[3]  Having reviewed the record, arguments by all parties, and Mr. Hemmings's statements made at his allocution hearing, the Court **ORDERS** as follows:

---

[2] At his allocution hearing, the Court ordered counsel to file Mr. Hemmings's medical records in the record under seal.

[3] While the Court refrains from crafting a plan on behalf of Mr. Hemmings's facility, it recommends the facility to review Mr. Hemmings's case and medical files to determine further steps it can take to ensure that his health and safety are maintained.  Perhaps, for example, a cell without a roommate is a proper solution in this matter.  The Court also highly recommends that Mr. Hemmings remain in his current facility, Grayson County Detention Center, for the remainder of his term of incarceration.

1. The Magistrate Judge's Report and Recommendation [**R. 73**] is **ADOPTED** as and for the opinion of the Court;

2. Defendant Jeffrey David Hemmings is found **GUILTY** of all violations, as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Mr. Hemmings's supervised release is **REVOKED**;

4. Mr. Hemmings is hereby sentenced to the Custody of the Bureau of Prisons of a term of imprisonment of **eight (8) months,** followed by a **two (2) year** period of supervised release, plus the following additional conditions:

    a. Six (6) months residence in a halfway house, such as Dismas Charities or another similar residential program as determined by USPO; and

    b. To participate in a substance use disorder treatment and/or mental health counseling program upon release from the halfway house;

5. The Clerk is **DIRECTED** to mail a copy of this Order to the Warden of Mr. Hemmings's facility to permit the Warden to review the Court's recommendation found in Footnote Three.

6. Judgment shall enter promptly.

    This the 12th day of January, 2021.

Gregory F. Van Tatenhove
United States District Judge