UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JEFFREY DAVID HEMMINGS,  )<br>  )<br>Defendant.  )<br>  )<br>  )<br>  ) | NO. 3:15-CR-13-GFVT-MAS |

## REPORT & RECOMMENDATION

The Court, on referral from the Judge Van Tatenhove, considers reported violations of supervised release conditions by Defendant Jeffrey David Hemmings ("Hemmings"). [DE 81]. Considering the record, proffer, and Hemmings' allocution at the revocation hearing, the Court recommends the District Court revoke Hemmings' supervised release and sentence him to a term of four months incarceration and twelve months of supervised release to follow, inclusive of six months in a halfway house.

### I.   CASE BACKGROUND

On October 11, 2016, United States District Judge Gregory F. Van Tatenhove sentenced Hemmings to a 40-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charge of possession of a firearm by a convicted felon. [DE 49].

### II.   SUPERVISED RELEASE HISTORY

Hemmings began his original term of supervision on April 15, 2019. Only one week into his term of supervision, the United States Probation Office ("USPO") submitted a Request for

Modification of Conditions, requesting that Hemmings enter substance use disorder treatment after a positive drug test. The Court agreed to the modification. On August 30, 2019, USPO reported to the Court once again, stating that Hemmings had tested positive for the presence of marijuana in his urine, but requested the Court take no action. The Court, again, agreed.

On October 1, 2020, USPO reported to the Court that law enforcement in Indiana initiated a traffic stop of Hemmings' vehicle. The stop resulted in the officer discovering methamphetamine and a glass pipe with burnt residue on Hemmings' person. Upon recommendation by the undersigned, Judge Van Tatenhove revoked Hemmings' supervised released and sentenced him to a term of imprisonment of eight months, followed by twenty-four months of supervised release, the first six of which were to be served in a halfway house. [DE 80].

Hemmings began his current term of supervised release on May 25, 2021. He was residing at a halfway house in Indiana, where he is supervised. USPO issued a Supervised Release Violation Report on July 21, 2021 ("the Report") alleging that on July 12, 2021, Hemmings tested positive for cannabinoids, which constitutes two separate violations. Hemmings admitted to USPO that he smoked marijuana upon his latest release. The Report alleged that Hemmings violated the condition that he refrain from any unlawful use of a controlled substance, and the condition that he not commit another federal state, or local crime. Because use is equivalent to possession in the Sixth Circuit, a positive drug test is equivalent to simple possession, which is a violation of 21 U.S.C. § 844(a) and a Class E Felony.

### III.   PROCEDURAL HISTORY

The Court conducted an initial appearance on the instant supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on August 31, 2021. [DE 89]. The Court advised Hemmings of his constitutional rights. He was not entitled to a preliminary hearing

pursuant to FED. R. CRIM. P. 32.1(b)(1)(A) because he was not in custody. The United States did not request interim detention.

At the final hearing on September 27, 2021, the Court found Hemmings to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. For purposes of the Rule 32.1 proceedings, Hemmings admitted the factual basis for the violations as described in the Report. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 93].

Hemmings' stipulated to the commission of a federal crime (possession of a controlled substance), a Grade B violation, and to the use of a controlled substance, a Grade C violation. "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("Guidelines") § 7B1.2(b). Accordingly, the Grade B violation will be utilized for purposes of this proceeding. The criminal history category established at sentencing is a Category IV.

The parties agree that the Guidelines propose a sentence of 12 to 18 months, with a statutory maximum of 24 months. *See* 18 U.S.C. § 3583(e)(3). Should Hemmings' supervised release be revoked, the Court can re-impose an additional term of supervised release of up to 28 months, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h).

Hemmings asked the Court not to revoke his supervised release, citing his stable employment and living situation, and the somewhat minor nature of a violation involving cannabinoids. The United States proposed revocation with an imprisonment sentence within the Guidelines range, noting that Hemmings has repeatedly violated the terms of his supervised release and was on his current term of release for a very short period before violating again.

## IV.   ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Hemmings' violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

In recommending a sentence, the Court must consider the nature and circumstances of Hemmings' original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Guidelines range. *See also United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Hemmings' original conviction was for possession of a firearm as a convicted felon. [DE 49]. Hemmings' Presentence Report and criminal history Category IV reflect his numerous criminal convictions prior to his federal conviction.

Considering the factors set forth in 18 U.S.C. § 3553, it is clear to the Court that revocation is necessary at this juncture. 18 U.S.C. § 3553(a)(2)(C). Since his early twenties, Hemmings has engaged in criminal activity ranging from repeatedly driving without a license, driving under the influence, assault, domestic violence, firearms offenses, and controlled substances offenses. [*See* Presentence Investigation Report at 6-14]. The underlying offense conduct involved possessing a firearm with the intent to harm a person while he was using narcotic pain medications. [Presentence Report at 4]. Hemmings' history and characteristics indicate that he has difficulty conforming his behavior to be within the bounds of the law; although the Court applauds his recent progress in maintaining employment and a stable living situation. The Court cannot discount the "seriousness of the offense," as it relates to abusing the trust of the Court by violating the terms and conditions of Hemmings' supervised release four times since his original release in April 2019. He violated his current term of supervision by using a controlled substance within two months of his most recent release. 18 U.S.C. § 3553(a)(2)(A). Finally, the Court considers that the Court

took no action the first two times Hemmings tested positive for controlled substances, and sentenced him to a below-Guidelines term of imprisonment on his third violation.[1]

On the original conviction, the District Court imposed a 40-month term of imprisonment followed by a 3-year term of supervised release. [DE 49]. This was in the middle of the Guidelines range of 37 to 46 months. S*ee* 18 U.S.C. § 3553(a)(6) (considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

The Court seeks to craft a punishment that will reprimand Hemmings' misconduct and motivate behavioral change, but not be unduly harsh. 18 U.S.C. § 3553(b) ("to afford adequate deterrence to criminal conduct"). This is particularly true because despite his repeated violations, Hemmings appears to be on a positive path in his life at this time. The Court, in reviewing the record, finds that a period of incarceration below the Guidelines range is appropriate, but only if it is combined with a lengthy period of community confinement in a halfway house as part of the reimposition of supervised release. Hemmings allocuted at the hearing that his current residency at the halfway house had been a good experience for him, that he has assumed a leadership role at the halfway house, and would like to continue to reside there and complete the program. The instant violation is far less serious than Hemmings' prior violation and Hemmings evidences a strong desire to rehabilitate himself. The Court believes both Hemmings and society will benefit more from Hemmings completing a period of community confinement in a halfway house than a longer term of incarceration.

---

[1] Based on Hemmings' criminal history and Grade B violation, the Guidelines range for his prior revocation was 12 to 18 months imprisonment. The Court sentenced him to eight months.

Considering all of the facts, the Court believes it has no choice but to recommend Hemmings' term of supervision be revoked, that he serve a term of four months incarceration. Although the Court recognizes that the current offense is more about compliance than substance use, this is far from Hemmings first compliance failure. With a two prior positive marijuana screens as well as the prior positive methamphetamine screen, Hemmings has created a pattern of behavior the Court cannot ignore. And while he professes to be on the right track currently (and the Court is optimistic that is correct), Hemmings must face consequences for his repeated violations with full acknowledgement that this will cause a setback. The Court hopes that Hemmings understands that such behavior can no longer be permitted. The term of imprisonment is to be followed by a twelve-month term of supervised release with all of the same conditions Judge Van Tatenhove originally proscribed, plus the additional conditions that the first six months be spent in a halfway house, and that he participates in a substance use disorder treatment and/or mental health counseling program as USPO determines is appropriate upon release from the halfway house. The Court finds this sentence is sufficient but not greater than necessary to punish and deter Hemmings' conduct in violating his supervised release, hopefully, to give Hemmings the tools needed upon release to successfully complete his new term of supervised release without further violations. The Court advises Hemmings that any future violations will not be treated with such leniency.

## V.     CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) Hemmings be found guilty of all violations;

(2) Hemmings' supervised release be **REVOKED**;

(3) Four (4) months of incarceration;

(4) A twelve (12) month term of supervision to follow with the original terms of supervision, plus the following additional conditions:

    a. six (6) months residence in a halfway house as determined by USPO; and

    b. to participate in a substance use disorder treatment and/or mental health counseling program upon release from the halfway house.

Hemmings preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 29th day of September, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge