UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal No. 3:15-cr-00013-GFVT-MAS |
| V. | ) ) | |
| JEFFREY DAVID HEMMINGS, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 94.] Defendant Jeffrey Hemmings has been charged with violations of his supervised release. On October 11, 2016, Mr. Hemmings was sentenced to forty months imprisonment, with a three-year term of supervised release to follow, after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [R. 49.] Mr. Hemmings original term of supervision began on April 15, 2019. [R. 94 at 1.] In October 2020, however, his term of supervision was revoked for methamphetamine use and Mr. Hemmings was sentenced to eight months of imprisonment, with twenty-four months of supervised release to follow. [R. 80.] Mr. Hemmings's current term of supervised release began on May 25, 2021. [R. 94 at 2.]

Now, Mr. Hemmings has been charged with violating two terms of his supervised release. *Id.* at 3. First, Mr. Hemmings is charged with committing a Grade B violation for possessing a controlled substance. *Id.* And second, Mr. Hemmings is charged with committing a Grade C violation for the use of a controlled substance. *Id.* On August 31 2021, Mr.

Hemmings appeared before Judge Stinnett for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 89.] The United States did not request interim detention. [R. 94 at 3.] On September 27, Mr. Hemmings appeared before Judge Stinnett for his final revocation hearing. [R. 93.] At that time, Mr. Hemmings stipulated to having committed both violations. [R. 94 at 3.] The Magistrate Judge found Mr. Hemmings to have made a "knowing, voluntary, and intelligent" stipulation. *Id.*

At the final hearing, "[t]he parties agreed that the Guidelines propose a sentence of 12 to 18 months, with a statutory maximum of 24 months," but disagreed as to the appropriate sentence in this matter. *See id.* The United States requested "revocation with an imprisonment sentence within the Guidelines range," because Mr. Hemmings "has repeatedly violated the terms of his supervised release and was on his current term of release for a very short period before violating again." *Id.* Conversely, Mr. Hemmings asked the Court to not revoke his release because he now has a stable employment and living situation and because his violation (marijuana possession and use) is "somewhat minor." *Id.*

After hearing both arguments, Judge Stinnett evaluated the entire record and considered the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Because of the seriousness of Mr. Hemmings's criminal history and because of Mr. Hemmings's repeated violations, Judge Stinnett recommended revocation and a sentence of four months of imprisonment. [R. 94 at 7.] Judge Stinnett also recommended twelve months of supervised release to follow Mr. Hemmings's imprisonment, with two additional conditions: (1) that upon release, Mr. Hemmings reside in a halfway house for six months and (2) participate in a substance use disorder and/or mental health counseling program upon release from the halfway house. [R. 94 at 7.] Though the Magistrate Judge applauded the progress Mr. Hemmings has

2

made thus far, he indicated a consequence for Mr. Hemmings's violation is necessary.  *See id.* at 5.

## B

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal.  In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).  A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy.  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Hemmings made a timely objection to the Recommendation.  [R. 95.]  Moreover, because Mr. Hemmings also preserved his right to allocate before the District Court, an allocution hearing was held on October 28, 2021.  [R. 97.]  In both his objection and allocution hearing, Mr. Hemmings objected to the Judge's sentencing recommendation.  [R. 95.]  Mr. Hemmings's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(C).  The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules.  For the following reasons, Defendant's objection will be **DENIED.**

## II

Mr. Hemmings objects to Judge Stinnett's recommendation that he be sentenced to a four-month period of incarceration. [R. 95 at 3-4.] In support of his objection, Mr. Hemmings cites to the progress he has accomplished since his present violations occurred. For example, Mr. Hemmings explained that he has attained his Commercial Driving License and has "voluntarily moved into a halfway house," where he has obtained a position of leadership. [R. 95 at 3.] Overall, Mr. Hemmings objects to Judge Stinnett's recommendation of a term of imprisonment because incarceration "would greatly derail [his] progress, as well as his current plans for further financial success and stability." *Id.* Mr. Hemmings also proposes other solutions to ensure his success, such as a lengthened period of supervised release, drug screens, or the completion of an outpatient program. *Id.*

Nonetheless, upon review, the Court agrees with Judge Stinnett that a period of incarceration is required in this matter because Mr. Hemmings has repeatedly violated the terms of his supervised release. Though the Court applauds Mr. Hemmings's progress, his argument that incarceration would derail his life is unpersuasive. Ultimately, a term of incarceration derails the lives of every individual sentenced to serve time. Consequently, this argument does not provide a basis upon which the Court finds wavering from the Magistrate Judge's recommendation appropriate. Moreover, the Court finds that a period of four months of incarceration if sufficient, but not greater than necessary, to accomplish the goals of Section 3553.

## III

Accordingly, after reviewing *de novo* the portions of the Record pertaining to the present supervised release violations, and the Court being otherwise sufficiently advised, it is hereby

4

**ORDERED** as follows:

1. Defendant's Objection [R. 95] to the Magistrate Judge's Report and Recommendation [R. 64] is **DENIED**;

2. The Magistrate Judge's Report and Recommendation [R. 94] is **ADOPTED** as and for the Opinion of the Court, aside from its recommended judgment;

3. Defendant Hemmings is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

4. Defendant Hemmings's supervised release is **REVOKED**;

5. Defendant Hemmings is **SENTENCED** to the custody of the Bureau of Prisons for a term of four months with twelve months of supervised release to follow, plus the following additional conditions:

    a. Six months residence in a halfway house as determined by USPO; and

    b. Mr. Hemmings must participate in a substance use disorder treatment and/or mental health counseling program upon release from the halfway house;

6. USPO is **ORDERED** to ensure Mr. Hemmings is placed in a halfway house upon release from incarceration, taking into consideration any criminal matters that may remain pending against him[1];

7. Judgment shall enter promptly.

This the 11th day of November, 2021.

---

[1] At his allocution hearing, Mr. Hemmings indicated that he experienced a period of homelessness upon his previous release from incarceration because the halfway house to which he was assigned rejected his admission because he had a state criminal charge pending against him. [R. 97.]

*Gregory F. Van Tatenhove*
United States District Judge